Bradford Campbell
vs.                              Eq.No.5480
Lederer Realty Corp. et al.
May 10, 1926

BAKER, J. Heard on complainant's motion for rehearing and modification of rescript filed March 8, 1926, and prior to the entry of any decree upon said rescript.

After considering carefully the first point raised in the complainant's motion, namely, that the Tinkham and Walker mortgages should not be included in the accounting involved in the present proceeding and after giving due consideration to the complainant's claims and to the law presented by him in relation to the rights of co-tenants, which the court does not question, the court is still of the

opinion that by the terms of the decree under which the accounting is being had and on the facts as shown by the testimony in the case, the said mortgages are properly included in said account and that the weight of the evidence shows that they were purchased for the benefit of the respondent Elisha Campbell.

The complainant urges that if this finding is adhered to, then he should be credited with reasonable attorney's fees incurred in connection with the acquiring of said mortgages in addition to the attorney's fees already allowed in said prior rescript. The respondent objects to this chiefly on the ground that the complainant has been making claims as to said mortgages adverse to the interests of the respondent Elisha Campbell. The court thinks, however, after considering the matter carefully, that it is only fair and reasonable, if the court believes, as it does, that said mortgages were purchased in the interest of Elisha, that then the complainant should be credited with reasonable attorney's fees in connection with the matter, and that the fact that he makes a bona fide claim himself to said mortgages should not prevent this allowance where the court has decided adversely to him in connection with the question as to the purposes for which said mortgages were obtained.

This being so, the court heard testimony as to the attorney's services performed in this connection and as to the fees charged.

It appears from this testimony that the attorney, prior to 1919, made charges on his books in amounts without specifying the time, and that after 1919 the charge was by time spent. It also appears that prior to January, 1918, the attorney was charging on his books at the rate of about $2 per hour and after that date at the rate of $4 per hour. An attorney who testified previously in the case said that in his opinion a basis of $5 per hour was reasonable. Of course, it is clear that mere time spent is not the only test for fixing an attorney's fees. The amount involved, the nature of the work and the successful disposition of the matter should be taken into consideration. The attorney in question had made his charges on a basis of time and on a percentage basis. The respondent, Elisha Campbell contends that his bills for work in connection with these two mortgages are much too high and that he should be allowed a much less sum.

The testimony dealt with matters which happened in some instances about eight years ago and was of necessity not always definite. Further, the attorney's accounts were in such condition that it is difficult to determine with accuracy the exact amount of time spent on these matters. The acquisition of both these mortgages undoubtedly turned out advantageously, although it is clear there must have been some question as to the validity of the mortgages, otherwise the holders thereof would not have parted with them for a figure so much less than their face value.

In regard to the Tinkham mortgage, the respondent Elisha Campbell claims that he and Mr. Farrell did a large part of the negotiating and that the attorney in question did not do a great deal. It is clear, however, from the testimony that he performed some services and that he had certain negotiations with the attorney representing Mr. Tinkham, and that undoubtedly his services were of some value.

The question of fixing attorneys' fees is always difficult. The court has given the matter as careful attention as possible, and, after considering all the testimony in the case, believes that in regard to the Tinkham mortgage, considering that the services were performed in 1917, a

charge of $200 would be reasonable.

In regard to the Walker mortgage, more time was spent in acquiring this mortgage and it was necessary to draw a bill in equity and issues of fact. In this matter the court believes that the sum of $300 would be a fair and reasonable charge. One-half of this amount, namely $150, in the judgment of the court, is chargeable to respondent Elisha Campbell.

The court therefore finds that Bradford Campbell should be credited with attorney's fees amounting in all to $350, covering the acquisition of the two mortgages in question.

In regard to the other matters raised in the motion, the court has been over them carefully and sees no reason for changing the findings in the rescript of March 8, 1926, as already filed.

A slight modification on page 9 of said rescript is, however, necessary.

In line 14 the word "Elisha" should be changed to "he, Bradford."

In line 15 the word "he" should be changed to "Elisha."

In line 19 the word "he" should be changed to "Bradford."

The rescript filed March 8, 1926, with the addition and modification as above indicated is hereby affirmed.

For Complainant: William J. Brown.

For Respondents: William W. Moss, Knauer & Fowler.